**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HENRY VAZQUEZ VILLA, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>DELANEY HALL IMMIGRATION DETENTION CENTER,<br><br>Respondent. | No. 26cv11572 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

This matter comes before the Court on a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 submitted by Henry Vazquez Villa ("Vazquez Villa") on behalf of his uncle, Martin Villa Guadalupe ("Villa Guadalupe"), an immigration detainee confined at the Delaney Hall Detention Facility in Newark, New Jersey ("Delaney Hall"). D.E. 1 ("Petition" or "Pet.").

In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("Habeas Rule(s)"), the Court has carefully considered the Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons explained below, the Court will **ADMINISTRATIVELY TERMINATE** this matter subject to reopening if Villa Guadalupe files a signed and verified petition on his own behalf or through counsel.

## I. BACKGROUND

On September 8, 2026, Vazquez Villa submitted the Petition, which he signed in his own name. Pet. at 1. Although the docket identifies both Vazquez Villa and Villa Guadalupe as petitioners, Villa Guadalupe is the person in custody and the Petition seeks relief from his detention. *See id.* Vazquez Villa identifies Villa Guadalupe as his uncle, but he does not state why Villa Guadalupe is unable to file on his own behalf. *Id.*

Vazquez Villa alleges that Immigration and Customs Enforcement ("ICE") agents detained Villa Guadalupe in the Bronx, New York on September 2, 2026, without a court-issued warrant after approaching him with a photograph of another person and asking for another name. *Id.* Vazquez Villa further alleges that officers took Villa Guadalupe to Federal Plaza in Manhattan, where Villa Guadalupe was told that he had to sign a document to be removed from the country and that he would have no chance to appeal because he is undocumented. *Id.* Villa Guadalupe is now detained at Delaney Hall. *Id.* The Petition asks the Court to order Villa Guadalupe brought before a judge immediately, order his release, and require Respondent to show cause why he is being detained. *Id.*

The Petition also includes a handwritten letter from Maria Lugo stating that Vazquez Villa is her godchild and that she is "dropping the habeas corpus petition." D.E. 1-1. Lugo is not identified as a party, counsel, or a person authorized to act for Villa Guadalupe. The Court therefore does not construe the letter as withdrawing the Petition. After the Petition was filed, Chief Judge Bumb enjoined transfer of Villa Guadalupe from New Jersey pending further Order of the Court. D.E. 2.

## II. DISCUSSION

Habeas jurisdiction exists under 28 U.S.C. § 2241(c)(3) for a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam).

Vazquez Villa seeks to litigate the Petition on Villa Guadalupe's behalf. Pursuant to 28 U.S.C. § 2242, a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." *See also* Habeas Rule 2(c)(5) (requiring the petition to be signed under penalty of perjury or by a person authorized to sign it under § 2242). "[N]ext friend" standing "has long been an accepted basis for jurisdiction in certain circumstances." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). "Most frequently, next friends appear . . . on behalf of detained prisoners who are unable . . . to seek relief themselves." *Id.*

To qualify for next-friend status, the third person must satisfy two requirements. "First, a next friend must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163 (citation modified). "Second, the next friend must be truly dedicated to the best interests of the person on whose behalf [he] seeks to litigate," and the next friend generally must have a significant relationship with the real party in interest. *Id.* at 163–64 (citation modified). "The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164 (citation modified).

On the present record, Vazquez Villa has not clearly established the propriety of his next-friend status. The Petition identifies Villa Guadalupe as Vazquez Villa's uncle, which bears on the relationship requirement, but it provides no explanation why Villa Guadalupe cannot appear

on his own behalf. It does not allege that Villa Guadalupe is inaccessible, mentally incompetent, or subject to another disability preventing him from filing. Thus, the current record does not satisfy *Whitmore*'s first requirement. The Court need not decide whether Vazquez Villa could otherwise satisfy *Whitmore*, however, because a separate threshold defect disposes of the matter.

Even if Vazquez Villa could establish next-friend standing, he cannot prosecute the Petition *pro se*. "[T]he Third Circuit has held that a non-attorney cannot represent another party, even if acting as a next friend." *Kerrigan v. Ortiz*, No. 21-1027, 2021 WL 6424641, at *2 (D.N.J. Dec. 6, 2021) (quoting *Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 (3d Cir. 2020)). The Court will therefore **ADMINISTRATIVELY TERMINATE** this matter, subject to reopening if Villa Guadalupe files a signed and verified *pro se* habeas petition or counsel appears on his behalf. *See, e.g.*, *Bah v. Tsoukaris*, No. 25-16925, 2025 WL 3041812 (D.N.J. Oct. 31, 2025) (administratively terminating a habeas petition to permit the petitioner to cure defects in a next-friend application).

## III. CONCLUSION

Accordingly,

**IT IS** on this 14th day of September 2026,

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this matter; and it is further

**ORDERED** that Martin Villa Guadalupe may reopen this matter within **30 days** of the date of entry of this Order by submitting a signed and verified habeas petition on his own behalf or through counsel; and it is finally

**ORDERED** that the Clerk of Court shall serve a copy of this Order upon Henry Vazquez Villa at the address entered on the docket and shall serve a copy of this Order and a form "Petition

for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" upon Martin Villa Guadalupe at the Delaney Hall Detention Facility, 451 Doremus Avenue, Newark, New Jersey 07105, by regular U.S. Mail.

Evelyn Padin, U.S.D.J.